TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorneys for Plaintiffs, the proposed*
*FLSA Collective, and potential Rule 23 class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

JIAN PING LIN,
*individually and on behalf of others similarly situated,*

                                              Plaintiff,          **Case No: 17-cv-3737**

                    -against-                                     **29 U.S.C. § 216(b) COLLECTIVE**
                                                                 **ACTION & Fed. R. Civ. P. 23**
MONDA WINDOW & DOOR SYSTEMS, INC.                                 **CLASS ACTION**
        d/b/a Monda Windows & Doors
        d/b/a Monda Window & Door Systems,                        **COMPLAINT**
MONDA WINDOW & DOOR, CORP.
        d/b/a Monda Windows & Doors,
MONDA WINDOW & DOOR MFG. LTD.
        d/b/a Monda Window & Door
        d/b/a Monda Window & Door Systems,
WONDA LLC
        d/b/a Monda Window & Door
        d/b/a Monda Window & Door Systems,
RIBIAO WANG a/k/a Ri Biao Wang,
DENIS WANG,
MIN OUYANG a/k/a Mindy Ouyang,
DANCY LIN, and
ELIAS ABUBEKER,
                                              Defendants.

------------------------------------------------------------------x

        Plaintiff JIAN PING LIN (hereafter referred to as "Plaintiff"), on behalf of himself and

others similarly situated, by and through his attorney, Troy Law, PLLC, hereby bring this

complaint against Defendants MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda

Windows & Doors d/b/a Monda Window & Door Systems, MONDA WINDOW & DOOR,

CORP. d/b/a Monda Windows & Doors, MONDA WINDOW & DOOR MFG. LTD. d/b/a

Monda Window & Door d/b/a Monda Window & Door Systems, WONDA LLC d/b/a Monda

Window & Door d/b/a Monda Window & Door Systems, RIBIAO WANG a/k/a Ri Biao Wang, DENIS WANG, MIN OUYANG a/k/a Mindy Ouyang, DANCY LIN, and ELIAS ABUBEKER, and allege as follows:

## INTRODUCTION

1.     This action is brought by Plaintiff, on behalf of himself as well as other similarly situated employees, against Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.*, of the New York Labor Law ("NYLL"), and of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* and Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS 115/1 *et seq.*, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA, NYLL, IMWL, and IWPCA by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, at least the hourly minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.     Defendants willfully failed to record all of the time that Plaintiff and similarly situated employees of Corporate Defendants work or worked, including work done in excess of forty hours each week.

4.     Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5.     Plaintiff further alleges pursuant to NYLL §§ 650 *et seq*. and the New York Minimum Wage Order for Miscellaneous Industries and Occupations ("NYCRR") 12 NYCRR § 142 that he is entitled to recover from the Defendants: (1) unpaid wages, including unpaid minimum

wages, (2) unpaid overtime, (3) unpaid spread-of-hours; (4) liquidated damages equal to one hundred percent (100%) of the sum of unpaid wages, unpaid overtime, and unpaid spread-of-hours under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day (7) nine percent (9%) simple prejudgment interest as provided by the New York Civil Practice Law and Rules ("CPLR") NYCPLR § 5004, (8) post-judgment interest, and (9) attorneys' fees and costs.

6.     Plaintiff alleges pursuant to IMWL, 820 ILCS 105/1 *et seq.* that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid overtime, (3) liquidated damages equal to two percent (2%) of the sum of unpaid wages and unpaid overtime, (4) punitive damages equal to two percent (2%) of the sum of unpaid wages and unpaid overtimes, (5) five percent (5%) simple prejudgment interest as provided by the Illinois Interest Act ("ILIA") 815 ILCS 205/1, (6) nine percent (9%) post-judgment interest as provided by the Illinois Interest on Judgments Statute ("ILIJ") 735 ILCS 5/2-1303, and seven (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

7.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law and Illinois Minimum Wage Law claims pursuant to 28 U.S.C. § 1367(a).

8.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, and the acts and omissions giving

rise to the claims herein alleged took place in this District.

**THE PARTIES**

**PLAINTIFF**

9.      Plaintiff JIAN PING LIN ("LIN") was employed by Defendants as a window-frame

welder at:

      a.      MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors

      d/b/a Monda Window & Door Systems, MONDA WINDOW & DOOR MFG. LTD.

      d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, and WONDA

      LLC d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, located at

      53-09 97th Place, Corona, NY 11368 from on or about May 15, 2004 to May 22, 2004;

      and

      b.      MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors, located

      at 4101 W Ann Laurie Place, Chicago, IL 60632 from on or about May 23, 2004 to

      January 15, 2006 and from on or about May 18, 2016 to August 31, 2016.

**DEFENDANTS**

**Corporate Defendants**

10.      MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors d/b/a

Monda Window & Door Systems is a domestic business corporation organized under the laws of

the State of New York with a principal address at 53-09 97th Place, Corona, NY 11368.

11.      MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors d/b/a

Monda Window & Door Systems is a business engaged in interstate commerce that has gross

sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12.      MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors d/b/a

Monda Window & Door Systems purchased and handled goods moved in interstate commerce.

13. MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems is a domestic business corporation organized under the laws of the State of New York with a principal address at 53-09 97th Place, Corona, NY 11368.

14. MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

15. MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems purchased and handled goods moved in interstate commerce.

16. Defendant MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors is a foreign business corporation organized under the laws of the State of Illinois with a principal address at 4101 W Ann Laurie Place, Chicago, IL 60632.

17. MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

18. MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors purchased and handled goods moved in interstate commerce.

19. WONDA LLC d/b/a Monda Window & Door d/b/a Monda Window & Door Systems is a domestic limited liability company organized under the laws of the State of New York with a principal address at 53-09 97th Place, Corona, NY 11368.

20. WONDA LLC d/b/a Monda Window & Door d/b/a Monda Window & Door Systems is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

21. WONDA LLC d/b/a Monda Window & Door d/b/a Monda Window & Door Systems

purchased and handled goods moved in interstate commerce.

**Owner/Operator Defendants**

22.    The Individual Defendants are officers, directors, managers, majority shareholders, members, and/or owners of the Corporate Defendants MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors d/b/a Monda Window & Door Systems, MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors, MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, WONDA LLC d/b/a Monda Window & Door d/b/a Monda Window & Door Systems.

23.    Being among the ten largest corporate shareholders and/or the ten LLC members with the largest ownership interests, the Individual Defendants are individually responsible for unpaid wages under the New York Business Corporation Law ("NYBSC") § 630(a) and New York Limited Liability Company Law ("NYLLC") § 609(c).

24.    Owner/Operator Defendant RIBIAO WANG a/k/a Ri Biao Wang, the Chief Executive Officer of MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, and known as "boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

25.    Upon personal knowledge of Plaintiff, Owner/Operator Defendant RIBIAO WANG a/k/a Ri Biao Wang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL §2 and the regulations thereunder, and IMWL § 105 and the regulations thereunder, and is jointly and severally liable with MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors d/b/a Monda Window & Door Systems, MONDA WINDOW & DOOR, CORP. d/b/a

Monda Windows & Doors, MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, and WONDA LLC d/b/a Monda Window & Door d/b/a Monda Window & Door Systems.

26. Owner/Operator Defendant DENIS WANG (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

27. Owner/Operator Defendant DENIS WANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL §2 and the regulations thereunder, and IMWL § 105 and the regulations thereunder, and is jointly and severally liable with MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors d/b/a Monda Window & Door Systems, MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors, MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, and WONDA LLC d/b/a Monda Window & Door d/b/a Monda Window & Door Systems.

28. Owner/Operator Defendant DENIS WANG (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

29. Owner/Operator Defendant MIN OUYANG a/k/a Mindy Ouyang, the Secretary of MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors, and known as "boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

30. Upon personal knowledge of Plaintiff, Owner/Operator Defendant MIN OUYANG a/k/a

Mindy Ouyang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL §2 and the regulations thereunder, and IMWL § 105 and the regulations thereunder, and is jointly and severally liable with MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors d/b/a Monda Window & Door Systems, MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors, MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, and WONDA LLC d/b/a Monda Window & Door d/b/a Monda Window & Door Systems.

31.     Upon information and belief, MIN OUYANG a/k/a Mindy Ouyang is the wife of RIBIAO WANG a/k/a Ri Biao Wang.

32.     Owner/Operator Defendant DANCY LIN, an officer of MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

33.     Upon personal knowledge of Plaintiff, Owner/ Operator Defendant DANCY LIN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL §2 and the regulations thereunder, and IMWL § 105 and the regulations thereunder, and is jointly and severally liable with MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors d/b/a Monda Window & Door Systems, MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors, MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, and WONDA LLC d/b/a Monda Window & Door d/b/a Monda

Window & Door Systems.

34. Owner/Operator Defendant ELIAS ABUBEKER, the President of MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

35. Upon personal knowledge of Plaintiff, Owner/ Operator Defendant ELIAS ABUBEKER acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL §2 and the regulations thereunder, and IMWL § 105 and the regulations thereunder, and is jointly and severally liable with MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors d/b/a Monda Window & Door Systems, MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors, MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, and WONDA LLC d/b/a Monda Window & Door d/b/a Monda Window & Door Systems.

## STATEMENT OF FACTS

**Corporate Defendants Constitute an Enterprise**

36. At all times relevant herein, MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors d/b/a Monda Window & Door Systems, MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors, MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, and WONDA LLC d/b/a Monda Window & Door d/b/a Monda Window & Door Systems constitute an enterprise (hereinafter the "Monda Window & Door enterprise") under the FLSA, NYLL, and IMWL and were and continue to be a single and joint employer that has a high degree of interrelated and unified operation, shared common management, centralized control of labor relations, common ownership, common control,

common website, common business purposes, and interrelated business goals.

37.     The Monda Window & Door enterprise is engaged in interstate commerce and has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

38.     The Monda Window & Door enterprise produces, purchases and handles goods moved in interstate commerce.

39.     Monda Window & Door enterprise has two active factories and storefronts in Chicago, Illinois and New York City, New York: (1) 4101 W Ann Laurie Place, Chicago, IL 60632 and (2) 53-09 97th Place, Corona, NY 11368 respectively.

40.     The Monda Window & Door enterprise frequently transfers employees between its New York and Chicago locations. Plaintiff JIAN PING LIN was one such employee, hired and first working in New York, then transferred to Chicago.

41.     Through the Monda Window & Door enterprise website's "Contact Us" page, http://www.mondawindow.com/contact.php, customers are directed to any one (1) of the two (2) active Monda Window & Door locations.

42.     The Monda Window & Door enterprise website's "About Our Company" page, http://www.mondawindow.com/about.php, claims that "Monda Window & Door has been manufacturing vinyl & aluminum windows and doors in New York and Chicago Metropolitan areas for over a decade."

43.     The Monda Window & Door enterprise website currently includes an advertisement for an "inside/outside sales representative" position. Applicants are directed to apply to either New York or Chicago, tagged to the attention of a singular Human Resources Department.

44.     Monda Window & Door enterprise's focus on branding and uniformity of operations is reflected in the careful consistency of the same line of window designs offered by both locations.

45.     Monda Window & Door enterprise freely shares goods and assigns employees, including Plaintiff, among the different offices depending on need.

46.     Upon information and belief, Monda Window & Door enterprise shares common management.

**Corporate Defendants Are Joint Employers under the FLSA, NYLL, and IMWA**

47.     MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors d/b/a Monda Window & Door Systems, MONDA WINDOW & DOOR, CORP. d/b/a Monda Windows & Doors, MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, and WONDA LLC d/b/a Monda Window & Door d/b/a Monda Window & Door Systems as well as Individual Defendants RIBIAO WANG a/k/a Ri Biao Wang, DENIS WANG, MIN OUYANG a/k/a Mindy Ouyang, DANCY LIN, and ELIAS ABUBEKER are joint employers insofar as the two window factories and storefronts doing business at two locations:

    a.     Share employees among the two locations;

    b.     Assign and re-assign employees to work at one or more locations as set by Owner/Operator Defendants depending on need, including Plaintiff;

    c.     and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same individuals.

**Further, Corporate Defendants Are Successor Employers under the NY Anti-Shirt Changer Law**

48.     Corporate Defendants MONDA WINDOW & DOOR SYSTEMS, INC. d/b/a Monda Windows & Doors d/b/a Monda Window & Door Systems, MONDA WINDOW & DOOR MFG. LTD. d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, and WONDA LLC

d/b/a Monda Window & Door d/b/a Monda Window & Door Systems are considered the same

employer under the New York Anti-Shirt Changer Law, NYLL § 219.4, because "employees of

the subsequent employer are engaged in substantially the same work in substantially the same

working conditions under substantially the same supervisors."

49.     In particular, Corporate Defendants MONDA WINDOW & DOOR SYSTEMS, INC.

d/b/a Monda Windows & Doors d/b/a Monda Window & Door Systems, MONDA WINDOW &

DOOR, CORP. d/b/a Monda Windows & Doors, MONDA WINDOW & DOOR MFG. LTD.

d/b/a Monda Window & Door d/b/a Monda Window & Door Systems, and WONDA LLC d/b/a

Monda Window & Door d/b/a Monda Window & Door Systems did and continue to do business

at 53-09 97th Place, Corona, NY 11368 and are owned/operated by the same management.

50.     Further, Plaintiff worked under substantially the same working condition regardless of

which Corporate Defendant he was working under.

**Defendants Committed the Following Alleged Acts Knowingly, Intentionally, and Willfully
Against the Plaintiff, the FLSA Collective, and the Class**

51.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and

similarly situated employees at least the applicable (New York or Illinois) minimum wage for

each hour worked.

52.     While employed by Defendants, Plaintiff was not exempt under federal and state laws

requiring employers to pay employees minimum wage and overtime.

53.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and

similarly situated employees their lawful overtime of one and one-half times (1.5x) their regular

rate of pay for all hours worked over forty (40) in a given workweek.

54.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees in New York their lawful spread of hours for workdays that began and ended ten (10) hours apart.

55.     At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours worked and wages paid.

56.     Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

57.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees in New York with Time of Hire Notices in their primary languages reflecting rates of pay and time of payment.

58.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees in Illinois with written Time of Hire Notices in their primary languages reflecting rates of pay, time of payment, and place of payment.

59.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees in New York with statements every payday in their primary languages that accurately listed all of the following: the dates of work covered by that payment of wages;  the employee's name; the name of the employer;  the address and phone number of the employer;  the employee's rate or rates of pay and basis thereof; the employee's gross wages;  the employee's deductions;  allowances, if any, claimed as part of the minimum wage;  net wages; the employee's regular hourly rate or rates of pay; the employee's overtime rate or rates of pay;   the employee's number of regular hours worked, and the employee's number of overtime hours worked.

60.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees in Illinois with itemized statements of deductions made from their wages for each pay period.

61.     Defendants knew that the nonpayment of wages for all hours worked and the nonpayment of wages at one and one-half time (1.5x) employees' regular rates would financially injure Plaintiff and similarly situated employees, and violate state and federal laws.

62.     At all relevant times, Defendants failed to post the required New York State and Illinois Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

63.     At all relevant times, Defendants failed to post Illinois-required notices indicating their regular paydays and the places and times for employees' payment.

**Plaintiff JIAN PING LIN**

64.     Plaintiff JIAN PING LIN was employed from on or about May 15, 2004 to May 22, 2004 at Monda Window & Door's Corona location, from on or about May 23, 2004 to January 15, 2006 at Monda Window & Door's Chicago location, and from on or about May 18, 2016 to August 31, 2016 at Monda Window & Door's Chicago location, as a window-frame welder.

65.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff JIAN PING LIN his lawful overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

66.     While employed by Defendants, Plaintiff JIAN PING LIN was not exempt under federal and state laws requiring employers to pay employees overtime.

67.     Throughout his employment, Plaintiff JIAN PING LIN's regular work schedule ran from 8:00 to either 15:30 or 18:00, Mondays through Saturdays, with Sundays off.

68.     Throughout his employment, Plaintiff JIAN PING LIN took a thirty-minute (30-minute) lunch break each work day. However, Defendants deducted sixty (60) minutes from their records

of Plaintiff JIAN PING LIN's hours worked each day, amounting to a time shaving of thirty (30) minutes per day.

69. Altogether, Plaintiff JIAN PING LIN worked approximately fifty-eight and one-half (58.5) hours per week.

70. From on or about May 15, 2004 to June 15, 2004, Plaintiff JIAN PING LIN was paid at a rate of ten dollars ($10.00) per hour. Plaintiff JIAN PING LIN was paid ten dollars ($10.00) per hour, his regular rate, no more, no less, for hours worked beyond forty (40) in a week.

71. From on or about June 15, 2004 and throughout his employment thereafter, Plaintiff JIAN PING LIN was paid at a piece rate of eighty cents ($0.80) per window frame welded, plus ten dollars ($10.00) per hour spent doing work other than welding window frames.

72. Plaintiff JIAN PING LIN completed enough window frames per hour to earn approximately seven dollars ($7.00) for each hour he spent welding window frames. Seven dollars ($7.00) is substantially lower than the prevailing wage in either Corona, New York or Chicago, Illinois throughout Plaintiff JIAN PING LIN's employment, and was lower than the statutory minimum wage in both New York and Illinois between May 18, 2016 and August 31, 2016.

73. Plaintiff JIAN PING LIN spent about two thirds (2/3) of his working hours (or 39 hours per week) welding window frames, and one third (1/3) (or 19 hours and 30 minutes per week) doing miscellaneous tasks in the factory.

74. Plaintiff JIAN PING LIN was required to fill out a piece of paper each day reporting which window frames he worked on, what times he started and finished work, and what times he started and finished breaks. Plaintiff JIAN PING LIN was required to over-report the amount of time he spent on break. Plaintiff JIAN PING LIN was required to have this piece of paper signed

by a supervisor each day, or else he would not get paid for that day's work.

75.     Throughout his employment, Plaintiff JIAN PING LIN was paid by check.

76.     Throughout his employment, Plaintiff JIAN PING LIN's regular payday was every other Friday.

77.     However, Defendants frequently paid Plaintiff JIAN PING LIN late. Defendants continued to pay Plaintiff JIAN PING LIN late even after Plaintiff JIAN PING LIN complained to them about his late payments.

78.     During his time working in New York, Plaintiff JIAN PING LIN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

## COLLECTIVE ACTION ALLEGATIONS

79.     Plaintiff brings this action individually and as class representative on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

80.     Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

81.     Plaintiff brings his IMWL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Class Period").

82.     All said persons, including Plaintiff, are referred to herein as the "Class."

83.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

**Numerosity**

84.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over eighty (80) members in the class.

**Commonality**

85.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

        a.      Whether Defendants employed Plaintiff and the Class within the meaning of the New York and Illinois law;

        b.      Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law and Illinois Minimum Wage Act;

        c.      Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law and Illinois Minimum Wage Act;

        d.      Whether Defendants maintained a policy, pattern and/or practice of failing to pay

Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.      Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or timely thereafter;

g.      Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

h.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

**Typicality**

86.      Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime compensation. They were, furthermore, subject to illegal deductions and time-shaving. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

**Adequacy**

87.      Plaintiff is able to fairly and adequately protect the interests of the Class and has no

interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

**Superiority**

88.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class

action.

89.     Upon information and belief, Defendants and other employers throughout New York

violate the New York Labor Law. Upon information and belief, Defendants and other employers

throughout Illinois violate the Illinois Minimum Wage Act. Current employees are often afraid to

assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of

bringing claims because doing so can harm their employment, future employment, and future

efforts to secure employment. Class actions provide class members who are not named in the

complaint a degree of anonymity which allows for the vindication of their rights while

eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

90.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

91.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory

minimum wage to Plaintiff, and the similarly situated collective action members, for some or all

of the hours they worked.

92.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall

be liable to the employees affected in the amount of their unpaid minimum compensation, and in

an additional equal amount as liquidated damages.

93.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by failing to compensate Plaintiff and Collective Members at the statutory minimum wage when

they knew or should have known such was due and that failing to do so would financially injure

Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

94.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

95.    At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

96.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the class members, for some or all of the hours they worked.

97.    Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

98.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violation of Illinois Minimum Wage Act—Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

99.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100.    At all relevant times, Plaintiff was employed by Defendants within the meaning of IMWA § 105/3(d).

101.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the class members, for some or all of the hours they worked.

102.    Defendants knowingly and willfully violated Plaintiff's and similarly situated Class

Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

103. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to two percent (2%) of the sum of unpaid wages and unpaid overtime, punitive damages equal to two percent (2%) of the sum of unpaid wages and unpaid overtimes, and interest.

## COUNT IV.
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiffs and the FLSA Collective]

104. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

105. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

106. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

107. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

108. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

109.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

110.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

111.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT V.
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff]

112.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

113.    An employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

114.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiffs and the class are entitled to.

115.    Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

116.    Defendants' failure to pay Plaintiffs was not in good faith.

## COUNT VI.
### [Violation of Illinois Minimum Wage Act—Overtime
### Brought on behalf of Plaintiff and Rule 23 Class]

117. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

118. At all relevant times, Plaintiff was employed by Defendants within the meaning of IMWA § 105/3(d).

119. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory overtime rate of 1.5 times his regular rate to Plaintiff, and the class members, for some or all of the hours they worked.

120. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him overtime in the lawful amount for hours worked.

121. An employer who fails to pay the overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to two percent (2%) of the sum of unpaid wages and unpaid overtime, punitive damages equal to two percent (2%) of the sum of unpaid wages and unpaid overtimes, and interest.

## COUNT VII.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

122. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

123. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

124. Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Record-Keeping Requirements
### Brought on behalf of Plaintiff and Rule 23 Class]

125.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

126.    Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by 12 NYCRR § 146-2.1.

127.    As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

128.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiff's labor.

129.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT IX.
### [Violation of Illinois Wage Payment Act—Record-Keeping Requirements
### Brought on behalf of Plaintiff and Rule 23 Class]

130.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

131.    Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than three years, as required by IWPA 820 ILCS 115/10 and IL Admin Code 300.630.

132.    As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

133.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiff's labor.

134.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

### COUNT X.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiff and Rule 23 Class]

135.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

136.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL § 195-1(a).

137.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their first day of employment.

138.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

139.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued

to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL § 198(1-b).

## COUNT XI.
### [Violation of New York Labor Law—New York Pay Stub Requirement
### Brought on behalf of Plaintiffs and Rule 23 Class]

140.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

141.   The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

142.   Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

143.   Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to NYLL § 198(1-d).

## COUNT XII.
### [Violation of Illinois Wage Payment Act—Notice and Posting Requirement
### Brought on behalf of Plaintiff and Rule 23 Class]

144.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

145.   The IWPA 820 ILCS 115/10 and supporting regulations require employers to provide written notice of the rate or rates of pay and the time and place of payment; to keep posted in places easily accessible to all employees written notices indicating the regular paydays and the place and time of payment, and Illinois Department of Labor posters summarizing the IWPA; and to furnish each employee with itemized statements of deductions made from his wages for each pay period.

146.   Defendants intentionally failed to provide notice to employees in violation of IWPA 820 ILCS 115/10.

147.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

### COUNT XIII.
### [Violations of 26 USC §7434—Fraudulent Filing of IRS Returns Brought on behalf of the Plaintiffs]

148.    Plaintiff re-alleges and incorporate and incorporate by reference all preceding paragraphs as though fully set forth herein.

149.    26 U.S.C. § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

150.    Due to Defendants' violations of 26 USC § 7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

### COUNT XIV.
### [Violations of New York General Business Law § 349—Deceptive Acts and Practices Brought on behalf of the Plaintiff]

151.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

152.    NY General Business Law § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

153.    Due to Defendants' violations of NY GBS Law § 349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

154.     Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporations to recover wages owed as employees of the corporations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)     Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)     Certification of this case as a collective action pursuant to FLSA;

c)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)     A declaratory judgment that the practices complained of herein are unlawful under FLSA, NYLL, IMWA, and IWPA;

e)     An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)     An award of unpaid minimum and overtime wages due under FLSA, NYLL, and IMWA due Plaintiff and the Collective Action members plus liquidated damages in the amount of one hundred percent (100%) under the FLSA, and/or liquidated damages in the amount of twenty-five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and/or liquidated damages in the amount of two percent (2%) under the IMWA and punitive damages in the amount of (2%) under the IMWA;

g)     Rehiring or reinstatement of the employee to his or her position with restoration of seniority or an award of front pay in lieu of reinstatement under 29 U.S.C. § 216 and NYLL § 215;

h)     Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)     Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to provide overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

l)      The cost and disbursements of this action;

m)      An award of prejudgment and post-judgment fees;

n)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.


Dated: Flushing, New York
       June 21, 2017

                      TROY LAW, PLLC
                      *Attorney for the Plaintiff, proposed FLSA Collective and Proposed Class Plaintiffs*


                         /s/ John Troy        
                      John Troy (JT0481)
                      41-25 Kissena Boulevard Suite 119
                      Flushing, NY 11355
                      Tel: (718) 762-1324
                      Email: johntroy@troypllc.com